Opinion filed May 1, 2008 











 
 
  
 
 







 
 
  
 
 




Opinion filed May 1, 2008 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00117-CR

                                                    __________

 

                           RONALD DOUGLAS WELLS, JR., Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 252nd District Court

 

                                                       Jefferson
County, Texas

 

                                                    Trial
Court Cause No. 93163

 



 

                                             M
E M O R A N D U M   O P I N I O N








This
is an appeal from a judgment adjudicating guilt.  Ronald Douglas Wells, Jr.
originally entered a plea of guilty to the offense of possession of
phencyclidine.   Pursuant to a plea bargain agreement, the trial court deferred
the adjudication of guilt, placed appellant on community supervision for five
years, and assessed a fine of $500.  At the hearing on the State=s motion to adjudicate,
appellant entered pleas of true to the allegations that he violated the terms
and conditions of his community supervision.  The trial court determined that
appellant had violated the terms and conditions of his community supervision,
revoked his community supervision, adjudicated his guilt, and assessed his
punishment at confinement for ten years.  We affirm.

Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is
supported by a brief in which counsel professionally and conscientiously
examines the record and applicable law and states that he has concluded that
the appeal is frivolous.  Counsel has provided appellant with a copy of the
brief and advised appellant of his right to review the record and file a
response to counsel=s
brief.  A response has been filed. Court-appointed counsel has complied with
the requirements of Anders v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex.
Crim. App. 1974); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App.
1969); Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland 2005, no pet.).

In
his response, appellant contends that his trial counsel failed to provide
effective assistance when he failed to object or request a separate hearing on
punishment.  The record does not support appellant=s contention.

In
order to determine whether appellant=s
trial counsel rendered ineffective assistance at trial, we must first determine
whether appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Wiggins v. Smith, 539 U.S. 510, 520 (2003); Strickland v.
Washington, 466 U.S. 668, 690 (1984); Andrews v. State, 159
S.W.3d 98, 101 (Tex. Crim. App. 2005); Hernandez v. State, 988
S.W.2d 770 (Tex. Crim. App. 1999).   We must indulge a strong presumption that
counsel=s conduct fell
within the wide range of reasonable professional assistance, and appellant must
overcome the presumption that, under the circumstances, the challenged action
might be considered sound trial strategy.  Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002); Stafford v. State, 813 S.W.2d 503,
508-09 (Tex. Crim. App. 1991).








Appellant
correctly states that a defendant is entitled to a separate hearing on
punishment after the trial court adjudicates guilt.  Issa v. State, 826
S.W.2d 159, 161 (Tex. Crim. App. 1992).  However, this may be waived and does
not mean that a completely separate hearing on a completely separate day will
be held.  Hogans v. State, 176 S.W.3d 829, 833-34 (Tex. Crim. App.
2005); Vidaurri v. State, 49 S.W.3d 880, 885-86 (Tex. Crim. App. 2001); Hardeman
v. State, 1 S.W.3d 689, 690-91 (Tex. Crim. App. 1999).  The right that is
ensured is the right to present mitigating circumstances.  Hogans, 176
S.W.3d at 833-34; Vidaurri, 49 S.W.3d at 885-86; Hardeman, 1
S.W.3d at 690-91.

The
record does not support appellant=s
contentions that trial counsel=s
ineffectiveness resulted in the denial of his right to present mitigating
circumstances.  In fact, the record reflects that he had the opportunity to present
mitigating circumstances.  Appellant personally addressed the trial court and
stated that the Cenikor program had made a big difference in his life, that he
was now motivated to complete the program, and that he now wished to complete
the program.  Appellant described to the trial court the skills he had learned,
the changes in his attitude, and his plans to attend community college.  The
trial court then discussed with appellant his violations of the program=s rules that resulted in
his expulsion.  The trial court also discussed in detail appellant=s criminal history of over
thirty misdemeanor offenses (including several possessions of marihuana,
thefts, and family assaults) and three felony offenses.  Given the facts of
this case and appellant=s
extensive criminal history, we cannot say that trial counsel=s failure to call witnesses
who would have been subject to cross-examination was not sound trial strategy. 
All of appellant=s
contentions have been considered.  Each is overruled.








Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit.  We note that the
hearing on the State=s
motion to adjudicate was conducted prior to the June 15, 2007 effective date of
the amendment to Tex. Code Crim. Proc.
Ann. art. 42.12, '
5(b) (Vernon Supp. 2007) allowing an appeal from the determination to
adjudicate.  Therefore, former Tex. Code
Crim. Proc. art. 42.12, '
5(b) (1999) and its prohibition concerning appeals from the determination to
proceed with the adjudication of guilt apply.[1]
Davis v.  State, 195 S.W.3d 708, 709 (Tex. Crim. App. 2006); Hargesheimer
v. State, 182 S.W.3d 906, 909 (Tex. Crim. App. 2006); Hogans v. State,
176 S.W.3d 829, 831 (Tex. Crim. App. 2005); Phynes v. State, 828 S.W.2d
1, 2 (Tex. Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942
(Tex. Crim. App. 1992).  

We
further note that counsel has the responsibility to advise appellant within
five days from the date of this opinion that appellant may file a petition for
discretionary review by the Texas Court of Criminal Appeals. Tex. R. App. P. 48.4; Ex parte Owens,
206 S.W.3d 670 (Tex. Crim. App. 2006). Likewise, this court advises appellant
that he may file a petition for discretionary review pursuant to Tex. R. App. P. 66.  Black v. State,
217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.).

The
motion to withdraw is granted, and the judgment of the trial court is affirmed.

 

 

PER CURIAM

 

May 1, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Former Article 42.12, section 5(b)
provided:

On violation of a condition of
community supervision imposed under Subsection (a) of this section, the
defendant may be arrested and detained as provided in Section 21 of this
article. The defendant is entitled to a hearing limited to the determination by
the court of whether it proceeds with an adjudication of guilt on the original
charge. No appeal may be taken from this determination (emphasis added).